

**U.S. Department of Justice**

Criminal Division

*950 Pennsylvania Avenue N.W., Suite 1252*
*Washington, DC 20530-0001*
*Tel: (202) 307-1982*

October 26, 2025

The Honorable Clifton Cislak, Clerk
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Ave NW
Washington, DC 20001

    Re:   *United States v. Stephen Johnson*, No. 24-3162
           Oral Argument Held: October 24, 2025
           Before Judges Wilkins, Pan, and Randolph

Dear Mr. Cislak,

At argument, this Court asked why the government had not made an independent-source argument based on *Murray v. United States*, 487 U.S. 533 (1988). This Rule 28(j) letter supplements the government's response to that inquiry.

In *Murray*, agents entered a warehouse without a warrant and found marijuana. 487 U.S. at 535. The officers then obtained a warrant to search the warehouse without mentioning their prior warrantless entry or information gained therefrom. *Id.* at 535-36. The Supreme Court held that evidence found during the later warranted search could have been admissible under the independent-source exception, *id.* at 537-41, but *not* "if the agents' decision to seek the warrant was prompted by what they had seen during the initial [warrantless] entry," *id.* at 542; *see id.* at 542-43 & n.3. The Court remanded for a factual finding on whether the "agents would have sought a warrant" absent their prior warrantless entry. *Id.* at 543-44.

As in *Murray*, the district court here made no findings about whether Detective Sullivan's decisions to seek a warrant for the CyberTip videos or other warrants in this case were prompted by what he had seen during his initial warrantless examination of the videos. JA 634-35. Indeed, the court noted that "there was evidence that could be construed both ways on the question." *Id.* at 634. Rather than resolving that factual question, the court opted to rely on the good-faith exception. *Id.* at 635.

Given the district court's resolution of that issue, and the absence of factual findings supporting an independent-source argument, the government has not advanced such an argument on appeal. Without a finding that later warrant applications were unprompted by what Sullivan saw in the CyberTip videos, this Court cannot affirm under the independent-source exception. However, if this Court rejects the government's merits, good-faith, and inevitable-discovery arguments for affirmance, a *Murray*-style remand for further factfinding on the independent-source exception would be appropriate. 487 U.S. at 543-44.

I would appreciate your assistance in distributing this letter to the panel.

Respectfully submitted,

/s/ W. Connor Winn
W. CONNOR WINN
*Counsel of Record*

## CERTIFICATE OF COMPLIANCE

1. This letter complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j), because the body of this letter contains 335 words.

2. This letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Rule 32(a)(6) because this letter has been prepared in a proportionally spaced, 14-point serif typeface using Microsoft Word.

/s/ W. Connor Winn  
W. Connor Winn

## CERTIFICATE OF SERVICE

I certify that, on October 26, 2025, I served an electronic copy of the foregoing on all litigants via this Court's ECF system. I certify that all participants in the case are registered ECF users and that service will be accomplished through that system.

/s/ W. Connor Winn
W. Connor Winn